CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 23 2013

JULIA C. DUDLEY, CLERK
BY: H McDonald
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**DANVILLE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | Criminal Action No. 4:11-cr-00027-1 |
| ) | |
| v. ) | **§ 2255 MEMORANDUM OPINION** |
| ) | |
| **SEKOU FOFANA,** ) | By:  Hon. Jackson L. Kiser |
| **Petitioner.** ) | Senior United States District Judge |

Sekou Fofana, a federal inmate proceeding pro se, filed a self-styled motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The court conditionally filed the self-styled motion; advised petitioner that it failed to comply with Rule 2 of the Rules Governing § 2255 Proceedings;[1] gave petitioner a copy of form AO 243, "Motion to Vacate, Set Aside, or Correct Sentence"; and granted petitioner ten days to remedy the oversight. The conditional filing order explicitly told petitioner that the court may dismiss the § 2255 motion without prejudice for failure to comply with a court order if he failed to refile a § 2255 motion signed under penalty of perjury.

Petitioner subsequently refiled a copy of the original self-styled petition that still lacked the necessary verification. Thus, petitioner failed to comply with the conditional filing order, and his self-styled motion cannot constitute a proper § 2255 motion. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rules 4 and 12 of the Rules Governing § 2255 Proceedings, I dismiss petitioner's § 2255 action without prejudice because he failed to comply with the court's conditional filing order. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' . . . necessarily vested in courts to manage their own affairs so as

---

[1] Rule 2(b)(5) requires the § 2255 petitioner, or a person authorized to act on petitioner's behalf, to sign the § 2255 motion under penalty of perjury.

to achieve the orderly and expeditious disposition of cases."). Based upon my finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for the United States.

**ENTER:** This 23rd day of July, 2013.

Senior United States District Judge