CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN - 6 2014

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:11-cr-00027-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SEKOU FOFANA, | ) | **By:** Hon. Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Sekou Fofana, a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or

correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner argues that I erred when sentencing

him and that he received ineffective assistance of counsel, in violation of the Fifth and Sixth

Amendments, respectively. The United States filed a motion to dismiss, and Petitioner

responded, making the matter ripe for disposition. After reviewing the record, I grant the United

States' motion to dismiss because Petitioner does not establish that a violation of federal law

occurred.

### I.

Petitioner and others conspired to commit and did commit access device fraud and

committed aggravated identify theft by receiving emails of stolen credit card numbers,

imprinting those stolen numbers to gift cards and other cards, and using those imprinted cards to

purchase merchandise. Petitioner and his co-conspirators then sold the merchandise for illicit

profit until they were arrested.

Petitioner waived the right to be indicted by a grand jury and, pursuant to a written plea

agreement, pleaded guilty to conspiracy to commit access fraud, in violation of 18 U.S.C. § 371

("Count One"); counterfeit access device fraud, in violation of 18 U.S.C. § 1029(a)(1) ("Count

Two"); and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) ("Count Three").

Petitioner stipulated in the plea agreement that, pursuant to the 2010 Edition of the United States Sentencing Guidelines ("U.S.S.G."), his base offense level of six would be increased by ten points for losses exceeding $120,000 per U.S.S.G. § 2B1.1(b)(1)(F); four points for an offense involving at least fifty victims per U.S.S.G. § 2B1.1(b)(2)(B); and seven points for other specific offense characteristics. I accepted Petitioner's guilty pleas to all three counts after finding that Petitioner knowingly and voluntarily pleaded guilty.

During the sentencing hearing, I accepted the Presentence Report as written and without an objection from counsel for Petitioner or the United States. I calculated Petitioner' adjusted offense level as described in the plea agreement: a base offense level of six plus twenty-one levels, which equaled an adjusted offense level of twenty-seven. After decreasing that total by three levels for Petitioner's acceptance of responsibility, I found Petitioner's total offense level to be twenty-four and his criminal history category to be III. These calculations created a 63 to 78 month guideline sentence for Counts One and Two followed by a 24 month mandatory sentence for Count Three, pursuant to 18 U.S.C. § 1028A. After granting the United States' motion for substantial assistance, I sentenced Petitioner to 48 months' incarceration, consisting of 24 months' incarceration for Counts One and Two and 24 months' incarceration for Count Three. Based on the information provided by the United States Attorney, I also ordered Petitioner and his co-conspirators to pay $18,307.61 in restitution, jointly and severally, to eight victims. Petitioner did not appeal.

## II.

Petitioner alleges both that I erred when calculating the guideline sentence for Counts One and Two and that counsel rendered ineffective assistance by not objecting to the erroneous

calculations. These allegations are based on three arguments: 1) I should have calculated the guidelines based on only eight victims instead of fifty; 2) I should have calculated the amount of loss to be $18,307.61 instead of more than $120,000; and 3) I should not have enhanced the guideline sentence by "double counting" an element of Count Three.[1] Petitioner's arguments are meritless, and his § 2255 motion must be dismissed.

## A.

Petitioner's claims that I erred have no basis in law or fact. Petitioner argues that I should not have increased the offense level for finding there to be at least fifty victims whose losses exceeded $120,000 when only eight victims warranted restitution worth $18,307.61. However, Petitioner knowingly and voluntarily stipulated in the plea agreement both that § 2B1.1(b)(2)(B) would increase his offense level by four points for involving at least fifty victims and that § 2B1.1(b)(1)(F) would increase his offense level by ten points for causing losses worth more than $120,000.

Furthermore, these stipulations had bases-in-fact in light of the extent of the stolen credit card numbers and the volume of fraudulent purchases. The United States proffered, unopposed, that the receipts and ledgers of the fraudulent purchases amounted to more than $120,000 of actual losses. See United States v. Miller, 316 F.3d 495, 503 (4th Cir. 2003) (requiring the United States to prove a reasonable amount of loss by only a preponderance of evidence). Moreover, the "amount of restitution" and "amount of loss" are two distinct legal concepts, and each one is determined independently. See United States v. Newsome, 322 F.3d 328, 338-42 (4th Cir. 2003) (discussing the differences between an amount of loss and an amount of

---

[1] Petitioner does not identify the "double counted" element.

restitution). The amount of actual or intended loss per U.S.S.G. § 2B1.1(b) is not determined by the amount of restitution ordered by the court. Compare U.S.S.G. § 2B1.1 cmt. n.3(A) (defining the amount of loss as both intended and actual losses resulting from relevant conduct, regardless to whether the losses were unlikely to occur), with 18 U.S.C. § 3663A(b)(1) (amount of restitution limited to the value of property loss caused). Accordingly, the record supports my calculations based on more than $120,000 in attributable losses and at least fifty victims.[2]

Petitioner's ambiguous argument about "double counting" an element of Count Three into the guideline calculations for Counts One and Two is meritless. The challenged offense-level increases for the number of victims and amount of loss punish the impact of the crimes described in Counts One and Two, not the transfer and possession of an access device charged in Count Three. See United Staes v. Lyles, 506 F. App'x 440, 447 (6th Cir. 2012) ("In essence, Knight argues that when a defendant is convicted of violating a statute that prohibits the transfer, possession, or use of a means of identification, no enhancements can be added to his sentence if he is also charged with Aggravated Identity Theft. . . . Because the specific offense characteristic for amount of loss under U.S.S.G. § 2B1.1(b)(1) punishes the defendant for inflicting a particular monetary harm rather than for transferring, possessing, or using a means of identification, we uphold the district court's [multi]-level enhancement [under U.S.S.G. § 2B1.1(b)(1)]."); see also United States v. Anderson, No. 12-4433, 2013 U.S. App. LEXIS 13949, at *12-13, 2013 WL 3455791, at *5 (4th Cir. 2013) (unpublished) ("Like all of our sister

---

[2] Despite Petitioner's assertion, a jury was not required to determine the amount of loss and number of victims because Petitioner stipulated to these facts in the plea agreement, the imposed sentence did not exceed a maximum sentence, and there was no increase to a mandatory minimum sentence. See, e.g., Alleyne v. United States, 133 S. Ct. 2151 (2013). Furthermore, I did not treat the guidelines as mandatory, as Petitioner alleges, but imposed the 48 month sentence after considering the criteria in 18 U.S.C. § 3553 and the United States' motion for substantial assistance.

4

circuits to have considered the issue, we conclude instead that [U.S.S.G.] § 2B1.6 does not preclude a district court from imposing a number-of-victims enhancement in conjunction with a sentence for aggravated identity theft."). Accordingly, I did not "double count" an element to erroneously enhance Petitioner's sentence.

**B.**

Petitioner cannot satisfy either prong of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), to establish that counsel rendered ineffective assistance in violation of the Sixth Amendment. The first prong of <u>Strickland</u> requires Petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness. <u>Strickland</u>, 466 U.S. at 687-88. Petitioner faults counsel for not objecting to the alleged procedural errors about the number of victims, amount of loss, and "double counting" an element. As already discussed, Petitioner fails to establish that any such error occurred. Furthermore, counsel did argue during the sentencing hearing that I should be lenient because the restitution value was significantly lower than the amount of loss. Thus, Petitioner fails to establish that counsel performed deficiently.

The second prong of <u>Strickland</u> requires a petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." <u>Id.</u> at 694. A petitioner who pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985). Petitioner does not allege that he would have insisted on

going to trial. Furthermore, Petitioner benefitted from the plea agreement because he otherwise would have forfeited the three-level reduction for acceptance of responsibility and faced a total term of incarceration between 111 and 132 months' incarceration had he lost at trial instead of facing between 87 and 102 months after pleading guilty and accepting responsibility. Thus, Petitioner fails to establish prejudice.

### III.

For the foregoing reasons, Petitioner's claims are meritless, and an evidentiary hearing is not warranted. See Rules 7 and 8 of the Rules Governing § 2255 Proceedings. Accordingly, the United States' motion to dismiss is granted. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER**: This day of January, 2014.

Senior United States District Judge